Case No: 14-55381

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

In re GGW Brands, LLC et al

R. TODD NEILSON solely in his capacity as chapter 11 trustee of GGW Brands, LLC, GGW Direct, LLC, GGW Events, LLC and GGW Magazine, LLC, and GGW MARKETING, LLC

*Counterclaimants and Appellees*

v.

PATH MEDIA HOLDINGS, LLC

*Counterclaim Defendant and Appellant*

**EMERGENCY MOTION UNDER CIRCUIT RULE 27-3(a) TO EXPEDITE BRIEFING AND HEARING SCHEDULE FOR APPEAL PURSUANT TO CIRCUIT RULE 27-12**

(A<u>CTION NEEDED IMMEDIATELY</u>)

On Appeal from Final Order
Of the United States District Court for the Central
District of California
(Hon. Audrey B. Collins, Presiding)

District Court Case No. 2:13-CV-07666-ABC
Bankruptcy Court Case No.: 2:13-bk-15130-SK
Adv. Proc. No.: 2:13-ap-1552-SK

Michael D. Kolodzi, Esq.
The Kolodzi Law Firm
5981 Topanga Canyon Blvd.
Woodland Hills, CA  91367
Tel: 818-287-7173
Fax:866-571-6094
E-mail: mdk@mdklawfirm.com

# CIRCUIT RULE 27-3 CERTIFICATE OF COUNSEL

### 1. Addresses and Telephone Numbers of Attorneys/Parties

The undersigned counsel certifies the following addresses and telephone numbers of Appellant and Appellees.

**Party**                                                                                                       **Attorney**

R. TODD NEILSON, solely in his capacity as chapter 11 trustee of GGW Brands, LLC, GGW Direct, LLC, GGW Events, LLC and GGW Magazine, LLC, and GGW MARKETING, LLC (Counterclaimants/Appellees)

Represented by:
Matthew C. Heyn, Esq.
KLEE TUCHIN BOGDANOFF & STERN LLP
1999 Avenue of the Stars, 39th Fl.
Los Angeles, CA  90067
Telephone: 310-407-4000
Fax: 310-407-9090
E-mail: mheyn@ktbslaw.com

PATH MEDIA HOLDINGS, LLC (Counterclaim Defendant/Appellant)

Represented by:
Michael D. Kolodzi, Esq.
The Kolodzi Law Firm
5981 Topanga Canyon Blvd.
Woodland Hills, CA  91367
Tel: 818-287-7173
Fax: 866-571-6094
E-mail:mdk@mdklawfirm.com

### 2. Facts Showing the Existence and Nature of the Claimed Emergency

The trademarks, whose ownership is at issue in the present appeal, are scheduled for auction by the Appellees free and clear of all claims, including Appellant's ownership claims, on April 11, 2014.

Prior to the erroneous summary judgment by the Bankruptcy Court in the underlying adversary matter, the trademarks were registered in the name of Appellant in the United States Patent & Trademark Office.

If the present Motion is not considered on an emergency basis and granted

and/or the currently pending Motion for Injunction of Sale Pending Appeal (filed on March 11, 2014) is not granted, the sale will occur before a decision can be rendered on the appeal and Appellant will suffer the irreparable harm of the permanent loss of its trademarks.

### 3. Notice and Service

The undersigned counsel certifies that he served the within Emergency Motion on counsel for Appellees by emailing it to such counsel.

I declare the above under penalty of perjury of the laws of the United States.

Dated: March 13, 2014

                                       Respectfully submitted,
                                       **THE KOLODZI LAW FIRM**

                             By:    */s/ Michael D. Kolodzi*
                                       MICHAEL D. KOLODZI, ESQ.
                                       Attorney for PATH MEDIA
                                       HOLDINGS, LLC

## **RULE 26.1 CORPORATE DISCLOSURE STATEMENT**

Appellant PATH MEDIA HOLDINGS, LLC is owned by The Hammersmith Trust. No publicly held corporation owns 10% or more of their equity.

Dated: March 13, 2014

>Respectfully submitted,
>**THE KOLODZI LAW FIRM**
>
>
>By: */s/ Michael D. Kolodzi*
>　　　MICHAEL D. KOLODZI, ESQ.
>　　　Attorney for PATH MEDIA HOLDINGS, LLC

Pursuant to Ninth Circuit Rules 27-3(a) and 27-12, Appellant moves this Court on an emergency basis for an order expediting the briefing and hearing schedule for the present appeal of a Bankruptcy Court summary judgment (and the District Court affirmation of that judgment) awarding trademarks registered in the name of Appellant to Appellees.

## PENDING EMERGENCY MOTION FOR INJUNCTION OF SALE AND STAY OF JUDGMENT PENDING APPEAL

Appellant filed on March 11, 2013, and there is currently pending in the Ninth Circuit, an Emergency Motion for Injunction of the sale of the trademarks at issue pending appeal and a stay of the judgments pending appeal.

## GOOD CAUSE FOR EXPEDITED SCHEDULING

Pursuant to Circuit Rule 27-12(g), "good cause" for an expedited schedule exists if "in the absence of expedited treatment, irreparable harm may occur or the appeal may become moot."

In the present instance, Appellant's trademarks, which are at issue in the case currently under appeal, have been scheduled for sale by Appellees on April 11, 2014, free and clear of all claims, including Appellant's ownership claims. Such a sale would cause irreparable harm to Appellant and cause the present appeal to become moot unless the previously described pending emergency motion for an injunction pending appeal is granted prior thereto and/or the below expedited briefing and hearing schedule is granted.

As highlighted in the pending emergency motion for an injunction of the sale pending appeal, there are only two simple legal issues involved in this appeal and the errors committed by the Bankruptcy Court and District Court are clear.

The first is: Does a prior legal proceeding in which certain parties are expressly declared by the court to lack standing to participate collaterally estop such parties and those in privity from later litigating in another proceeding in which they have standing the issues raised in the first proceeding?

The answer, of course, is that the prior proceeding does not collaterally estop such parties since they did not have standing in the first proceeding.

Surprisingly, both the Bankruptcy Court and the District Court got the answer to this simple but central legal issue in this appeal dead wrong.

The second legal issue is: What is the California rule of decision for an issue affecting a limited liability company formed in another state where a California statute expressly requires that such issue be governed by the laws of that other state in which the limited liability company was formed?

The answer, of course, is that in that instance the California rule of decision are the laws of the state where the limited liability company was formed.

Again, both the Bankruptcy Court and District Court got the answer to this simple but critical legal issue in this appeal completely wrong.

Therefore, because of the simplicity of the legal issues, it is practical for both Appellants and Appellees to be able to meet an expedited briefing schedule.

## PROPOSED BRIEFING AND HEARING SCHEDULE

Appellant proposes the following briefing and hearing schedule if the pending Emergency Motion for Injunction pending appeal is not granted before then:

Opening Brief due March 20, 2014

Response Brief Due March 26, 2014

Reply Brief Due March 28, 2014

Oral Argument, week of March 31, 2014

## STATUS OF TRANSCRIPTS

No transcripts that are not already prepared and part of the record are required.

## OPPOSING COUNSEL'S POSITION

Opposing Counsel is opposed to the present Motion

DATED: March 13, 2014             Respectfully submitted,
                                  **THE KOLODZI LAW FIRM**

                                  By:   <u>*/s/ Michael D. Kolodzi*</u>
                                        MICHAEL D. KOLODZI, ESQ.
                                        Attorney for Appellant

## **CIRCUIT RULE 28-2.6 STATEMENT OF RELATED CASES**

The present case is related to Ninth Circuit Case No. 13-57127, Path Media et al. v. R.Todd Neilson, et al., and Ninth Circuit Case No. 14-70589, Path Media et al. v. R.Todd Neilson, et al.

Those cases are related to the present case in that this is an appeal that arises out of the same District Court case as the other cases (an appeal of a bankruptcy court final judgment).

Dated: March 13, 2014

                                        Respectfully submitted,
                                        **THE KOLODZI LAW FIRM**


                                        By:*/s/ Michael D. Kolodzi*
                                        MICHAEL D. KOLODZI, ESQ.
                                        Attorney for PATH MEDIA

Ninth Circuit Case No. 14-55381

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on March 13, 2014.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the Appellate CM/ECF system, in addition to the service described in the Rule 27-3 Certification contained in the Emergency Motion.

Dated: March 13, 2014                /s/ *Michael D. Kolodzi*
                                     Michael D. Kolodzi